448 P.2d 727.

Gaydon Elliott WINGER, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant, Third-Party Plaintiff and Appellant,

L. A. BOWEN, dba L. A. Bowen Insurance, Inc., Third-Party Defendant and Respondent.

No. 11323.

Supreme Court of Utah.

Dec. 13, 1968.

Ray R. Christensen, of Christensen & Jensen, Salt Lake City, for appellant.

J. Robert Bullock, Provo, for plaintiff.

D. Gary Christian, of Kipp & Charlier, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff filed this action seeking declaratory relief against the Insurance Company of North America, hereinafter referred to as the Insurance Company, and asked the court to declare that he was covered by a policy of professional liability insurance furnished by the Insurance Company. The defendant Insurance Company filed a third-party complaint against L. A. Bowen seeking a declaration that if the Insurance Company was liable to the plaintiff the third-party defendant was liable over to defendant and third-party plaintiff.

After a trial to the court without a jury the court found and concluded that the plaintiff was covered by professional liability insurance by the defendant Insurance Company. The court also found that the Insurance Company was not entitled to recover over against the third-party defendant Bowen.

The Insurance Company has appealed to this court claiming that the trial court erred in denying relief on its third-party complaint. The Insurance Company does not appeal from that part of the court's findings and judgment holding that a policy of professional liability insurance existed between the Insurance Company and the plaintiff Winger.

Plaintiff Gaydon Elliott Winger was engaged in the practice of dentistry at Orem,

Utah, and had been since 1960. The plaintiff had obtained a policy of professional liability insurance from the Insurance Company through its agent, the Cordner Agency. The policy was renewed annually until on or about August 9, 1966. In 1962, Bowen acquired the Cordner Agency and thereafter continued to write insurance for the defendant Insurance Company. On December 16, 1965, the Insurance Company notified Bowen that it was terminating his appointment as agent of the Company as of that date. The letter notifying Bowen of the cancelation of his agency granted to Bowen a limited authority in acting for the Company in the administration of outstanding policies. The letter did, however, specify that the limited authority did not include the binding of the Company for any additional new or renewal liability.

In respect to the policy we are here concerned with, it had been the practice of the Insurance Company to issue a renewal policy annually after receiving application from the plaintiff for renewal and the payment of the premium. The last policy issued was by its terms to expire on August 9, 1966, at 12:01 a. m. It had been the practice of Bowen to send to Winger a renewal request form approximately 30 days prior to the expiration date of the policy. Winger would return the request and a new policy would issue. The court found that Winger mailed the request for renewal on August 8, 1966, to Bowen. The request for renewal was received by Bowen on August 10, 1966, and he thereafter submitted the request to the Insurance Company through one Rulon Meyers, a licensed agent of the Company. Bowen had submitted requests for renewals of insurance policies held by other persons through the same agent which were accepted by the Company.

On August 9, 1966, some hours after the policy of liability insurance had expired according to its terms, a patient of the plaintiff Dr. Winger was injured accidentally while the patient was being treated.

Upon receipt of the plaintiff's request for renewal at the Salt Lake office, the Insurance Company's manager notified the agent Meyers that the policy would not be renewed unless it received the supporting business of Dr. Winger.

The trial court found that Bowen had ostensible and apparent authority to bind the Insurance Company insofar as the plaintiff Winger was concerned. We are not asked to review that ruling. The Insurance Company contends here, as it did in the court below, that Bowen wrongfully and without authority solicited the plaintiff for a renewal of the policy in question. The record would indicate that the Insur-

...ance Company knew that the request for renewal had come from Bowen through its agent Meyer. But it did not reject the application for renewal because it had come from an unauthorized source, but rather upon the basis that the liability policy would not be renewed unless the plaintiff placed his other insurance with the Company. The Insurance Company was not misled by any conduct on the part of Bowen, nor was it induced to accept a risk it was unwilling to accept by reason of any conduct on the part of its former agent. The basis of the court's decision that Winger was covered by liability insurance was upon the fact that Bowen, having been a duly licensed agent of the Company, had been clothed with apparent or ostensible authority to bind the Insurance Company. The Insurance Company might well have avoided that risk by notifying the policyholder that the agency of Bowen had been terminated, and had that been done Winger would have known that he was not dealing with an agent of the Company and the Company would not have been bound by his apparent authority.

We are of the opinion that the trial court was correct in determining that no liability existed in favor of the Insurance Company and against Bowen. The third-party respondent is entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.