Jack David LOVE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14791.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Harrison Roe, Frederick, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Reid Robison, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error herein, hereafter referred to as defendant, Jack David Love, was tried and convicted by a jury in District Court of Tillman County, Oklahoma for the crime of Larceny of a Motor Vehicle, after former conviction of felony. The jury imposed his sentence at ten years confinement in the state penitentiary. Judgment and sentence was imposed on March 26, 1963. This is a companion case with defendant's appeal to this Court, and reported in 448 P.2d 727 (1969).

Defendant attempted to appeal his conviction to this Court, as well as the companion case, but because such attempt was not timely made in accordance with the state statutes, this Court lacked jurisdiction to consider the appeal, so it was denied. See: Love v. State, Okl.Cr., 385 P.2d 512. Subsequent to that action the Legislature provided authority for Post Conviction Appeals. Consequently in accordance with Wynn v. Page, 10 Cir., 369 F.2d 930 (1966), since defendant's right to appeal had not been explained to him, this Court granted this appeal, at state expense.

In defendant's companion case, defendant was charged and convicted with two co-defendants with the crime of larceny of 2,835 pounds of copper wire which belonged to the City of Frederick. In the instant case, defendant is charged with the same two co-defendants with the crime of larceny of an automobile, after former conviction of a felony. A severance was granted, after which the two co-defendants entered pleas of guilty, but defendant herein chose to stand trial.

The facts in this case reveal that a 1961 two ton Chevrolet truck, with winch, which belonged to the Rural Electric Association was taken without authority by one of the three men essentially for the purpose of loading the stolen copper wire on another pick-up truck. However, during the time the loading was taking place, the three men were arrested by the County Sheriff's Deputies.

Defendant testified in his own behalf and admitted that he was with the other two men, for the purpose of assisting in loading the stolen wire, but he denied that he had any part in the theft of the wire, or the REA truck. He stated that one of the other co-defendants got the truck and

drove it to the place where the wire had been left earlier. Ostensibly, defendant's admission on the witness stand clearly makes him an accomplice with his co-defendants in the commission of the crime. He admitted that he was working with the winch cable when the officers arrived. In any event, the jury refused to believe his lack of knowledge of what was taking place, as well as his lack of participation in the crime, found him guilty and assessed his punishment at ten years in the state penitentiary.

■ As in the companion case, defendant's brief—filed to cover both cases—argues the single proposition that the punishment is excessive, considering that the co-defendants were given a lesser sentence on their pleas of guilty. Such proposition is without merit, for as was stated by the U. S. Supreme Court in Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516:

"[T]he Due Process Clause of the Fourteenth Amendment does not, nor does anything in the Constitution, require a State to fix or impose any particular penalty for any crime it may define or to impose the same or 'proportionate' sentences for separate and independent crimes."

In the instant case, defendant was charged with the second stage proceeding of "After Former Conviction of Felony". To support that charge the State offered in evidence proof of defendant's 1954 conviction in the Superior Court of the State of California, County of San Diego, for burglary in the second degree; and his 1956 conviction in the District Court of Carter County, Oklahoma for the crime of burglary in the second degree. Thereafter, the jury imposed the minimum sentence provided in Title 21 O.S.A. § 51, paragraph (1), which provides that such subsequent offense is punishable by imprisonment, but instead assessed only the minimum allowed by law.

We observe 21 O.S.A. § 172 provides:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Also, this Court recently held in Austin v. State, Okl.Cr., 418 P.2d 103 (1966):

"Defendant could be convicted of grand larceny of suits notwithstanding that he did not have possession of suits and was not caught in the act of concealing and carrying them away, where he was charged conjointly with acting together with the two women who were actually caught with the suits, and who accompanied him into the store."

It was also held in Pearce v. Oklahoma, 118 F. 425, 55 C.C.A. 550 (1903), that all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present are principals. This was provided while the Court was interpreting the meaning of the statutes, now referred to as, Title 21 O.S.A. § 172, and Title 22 O.S.A. § 432. The record in this case reveals that the defendant by his own testimony placed himself clearly within these two sections of the statutes.

■■ We have examined the record in this case and while much of the evidence is circumstantial, we conclude that defendant received a fair trial and due process of law; and we fail to find any justification for tampering with the verdict of the jury which had the opportunity to hear the testimony and observe the witnesses, as well as the defendant, when the trial was conducted. Likewise, the sentence imposed by the jury, being the minimum allowable by law, is not excessive.

We are therefore of the opinion that his case should be affirmed, and it is so ordered. Affirmed.

NIX, J., and BUSSEY, J., concur.