**Charles L. SHOEMAKER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15186.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Curtis A. Parks, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Justice.

Charles L. Shoemaker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Second Degree Burglary After Former Conviction of a Felony; his punishment was fixed at not less than fifteen years, nor more than forty-five years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence revealed that Mrs. Florence Lawson returned to her home at 2658 East 36th Street, Tulsa, Oklahoma, about 5:15 o'clock in the afternoon. She drove into her driveway and as

she did so, heard the sound of breaking glass coming from inside her home. At this time, she testified, there was a small white Renault automobile parked on the south side of 36th Street in her driveway, with a man sitting in it. Mrs. Lawson testified that she drove around in her driveway and that the Renault backed into her driveway and it was her purpose to block the exit of this car with her automobile. Mrs. Lawson drove into the street and headed back into her driveway and at this time she saw two males, one of whom was the defendant in this case, walking down the driveway. She stated that she recognized the defendant because he had done some yard work for her some weeks before. Mrs. Lawson testified that she inquired of the driver of the Renault with regard to what he was doing there. He responded with, "I am waiting for the boss." This time the two men entered the Renault and drove off at a high rate of speed scratching her fence into the left side of her automobile. She discovered a glass pane had been broken in a door and the door was open. She observed a radio had been moved from the kitchen to the living room.

Officer Wall testified that he examined the premises, found the screen off and the window broken with pry marks on the door and that he found blood near a broken window and a trail of blood through the house.

■ The defendant's first proposition alleges that the court erred in giving a "good time instruction" in the second-stage proceeding. This Court has previously held that where the instruction is given after a determination of the defendant's guilt, this does not constitute reversible error. Williams v. State, Okl.Cr., 461 P.2d 997. It has been the practice of this Court, in the interest of justice, to modify a judgment and sentence when the giving of this instruction may have caused the jury to impose a greater sentence.

From our examination of the record, we are of the opinion that in the interest of

justice, the judgment and sentence should be modified to an indeterminate term of not less than ten, nor more than thirty years imprisonment.

■ The defendant's final proposition alleges that the verdict is not sustained by sufficient evidence. He contends that the State failed to prove the element of intent to steal or to commit a felony. This Court dealt with is similar question in the case of Ryans v. State, Okl.Cr., 420 P.2d 556, wherein we stated:

"In the instant case, the defendant did not choose to testify in his own behalf, and left the question to be settled by the jury. Since the defendant failed to explain his presence within the confines of the fence, surrounding the lumber yard of the Norman Builders' Supply, the jury was left no other conclusion but to accept the theory of the State that he entered the lumber yard through the door, and was there intending to steal something."

We have repeatedly held that where a conviction rests upon circumstantial evidence and circumstances are proved from which a reasonable and logical inference of guilt clearly arises and which excludes any reasonable hypothesis except the guilt of the defendant, the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. Lamb v. State, Okl.Cr., 375 P.2d 987. We, therefore, find this proposition to be without merit.

The defendant has filed a pro se motion to present newly discovered evidence, wherein he alleges that the former conviction was based on a prior conviction to which he entered a plea of guilty without counsel. The defendant's contention cannot be sustained by the record which reflects that the former conviction relied on in the instant case was based on Second Degree Burglary, not Second Degree Burglary, After Former Conviction of a Felony. Moreover, the prior conviction alleged in the Information was stipulated to by counsel after conferring with the defend-

 

ant, thus obviating the necessity of proving the same (CM 83).

In accordance with the authority above set forth, the judgment and sentence should be, and the same is hereby, modified from an indeterminate sentence of not less than fifteen, nor more than forty-five years imprisonment, to an indeterminate sentence of not less than ten (10), nor more than thirty (30) years imprisonment, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.