**Dixon DEAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16793.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Rehearing Denied May 23, 1973.

Gayle Welcher, Norman, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BRETT, Judge:

Appellant, Dixon Dean, hereafter referred to as defendant, was tried without a jury in the District Court of Cleveland County, Oklahoma; he was found guilty for the offense of the Sale of LSD, and was sentenced to serve three (3) years confinement in the State Penitentiary and appeals.

The charging portion of the information states the following:

". . . on the 3rd day of June, 1970, (sic) in Cleveland County, State of Oklahoma, George Edge and Dixon Dean did unlawfully, wilfully, wrongfully, feloniously commit the offense of SALE OF LSD: That is to say, the said defendants George Edge and Dixon Dean, while acting together and in concert. in the County of Cleveland, State of Oklahoma, on or about the 3rd day of June, 1969, did then and there unlawfully, wilfully, wrongfully and feloniously sell 50 tablets of LSD to one Kelly D. McCullough for the sum of $150.00, paid by the said Kelly D. McCullough to the said Defendants for the aforesaid LSD, contrary to the form of statutes in such case made and provided and against the peace and dignity of the State of Oklahoma."

The testimony revealed that about 10:25 P.M. on June 3, 1969, Dixon Dean and George Edge together entered the automobile of Agent Kelly McCullough—during which time the vehicle was under surveillance by other officers—and they sat in the back seat of the vehicle side by side, while George Edge sold the fifty LSD tablets to Agent McCullough. Agent McCullough testified that just prior to the consummation of the sale, Steve Adair, the other person who accompanied him to the location, introduced him to defendant and George Edge, after they had entered the vehicle. His testimony was as follows:

"Q. [W]hat did you observe Mr. Dean to do at that time?

"A. Well, when he got into the car, I was introduced to Mr. Dean and Mr. Edge, by Mr. Adair.

"Q. All right, sir. And then, what occurred?

"A. And then Mr. Dean said that the LSD was of good quality, and that some people had been getting two doses per tablet."

After the sale of the fifty tablets was completed, Agent McCullough related the following occurred:

"Q. [N]ow, after you observed, or participated in this transaction, that you testified about, what did you

observe Mr. Dean to do then, Agent McCullough?

.    .    .    .    .    .

"A.   Mr. Dean stated that, when I wanted some more, that if I couldn't find George Edge, that he would be glad to help me."

George Edge earlier entered a plea of guilty to this charge, so defendant stood trial alone, after waiving a jury trial. Nonetheless, the two men were charged "while acting together and in concert" in the illegal sale of LSD. Title 21 O.S.1961, § 172, abolished the common law classifications of principals in the first and second degree and accessories before the fact. That section of the statutes reads as follows:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, .   .   .   though not present, are principals."

Title 22 O.S.1961, § 432, provides further:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

■   The single question presented by this appeal is: Did defendant aid and abet George Edge in the sale of LSD? We believe he did. Defendant accompanied Edge to the agent's car, entered and sat in the back seat alongside him, and informed the buyer [Agent McCullough] about the good quality of the LSD. In addition, defendant informed the buyer that he would

be "glad to help him" if he wanted some more LSD and couldn't find George Edge.

In an early case this Court construed the foregoing section of the statutes in Vann v. State, 21 Okl.Cr. 298, 207 P. 102 (1922), as follows:

"Under our statute . . . making accessories before the fact principals, there are two things that must concur in order to justify the conviction of one as an accessory before the fact: First, he must have advised or urged the parties, or in some way aided them to commit the offense, although not present when the offense was committed; second, the crime must have actually been committed by the principal."

As we view the evidence presented to the trial court, both of those things occurred in the instant case. Likewise, Jones v. State, Okl.Cr., 481 P.2d 169 (1971) is clearly distinguishable from the facts in the instant case. In Jones, there was no encouragement offered by Jones to the buyer, nor was there any offer to provide other marijuana to the buyer if the seller could not be found. Nor do we accept defendant's contention that he was merely a "facilitator" of the sale, in the instant case. By the same token, defendant asserted sufficient control and possession over the LSD when he assured the buyer he could provide him more if the buyer couldn't find George Edge.

■   With reference to defendant's contention that there was no proof of a conspiracy or prearranged plan between George Edge and defendant to convict the defendant for the sale of LSD, we believe the circumstances testified to were sufficient to show an equal interest, as well as affirmative participation by defendant in the sale. It is well settled law that responsibility as an aider or abettor can be shown by circumstantial evidence. See: Love v. State, Okl.Cr., 449 P.2d 729 (1969) and Austin v. State, Okl.Cr., 418 P.2d 103 (1966).

■   Lastly, it was not error when the trial court overruled defendant's demurrer

to the evidence, and denied defendant's motion for a directed verdict. As stated earlier, we believe the evidence was sufficient to convict defendant for the illegal sale of LSD; and, whether or not defendant's expert witness was to be believed in preference to the state's expert witness—concerning the results of the tests used to determine the LSD content of the tablets—was resolved by the trial judge. After reviewing the testimony of the two expert witnesses, we do not feel compelled to overturn the trial judge's decision.

We are therefore of the opinion, after reviewing the records and briefs submitted with this appeal, that the conviction of Dixon Dean in Case No. CRF–70–152, in the District Court of Cleveland County, Oklahoma, should be and the same is affirmed.

Judgment and sentence affirmed.

BUSSEY, P. J., concurs.

Rehearing Denied May 23, 1973.