**Clement Maurice HALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17375.**

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1972.

**230**

Curtis A. Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge.

Appellant, Clement Maurice Hall, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 71–1822, of grand larceny after former conviction of a felony, and sentenced to seven years imprisonment. Judgment and sentence was imposed on November 18, 1971, and this appeal perfected therefrom.

It was charged by information that on October 5, 1971, the defendant stole one Philco Television set, valued at $159.95, from an OTASCO Store in Tulsa County, without the consent of the owner. The second page of the information charged that the defendant had previously been convicted of larceny of merchandise from a retailer on December 3, 1959, in Tulsa County.

The evidence established that on October 5, 1971, at approximately 6:45 P.M., the defendant, Fred Mimms, and two other persons were observed in a white Oldsmobile, approximately a 1961 or 1962 model, which drove by the front of the OTASCO Store. Shortly thereafter Mimms was observed in the store by Bill King, store manager. About that time Marvin Speegle, a store employee, saw the defendant carrying a television set toward the front of the store. Speegle approached the defendant, took the television set from him, and conversed with defendant as to whether or not the television was on sale. The conversation became somewhat excited and defendant began "jumping around." At this point Speegle, out of the corner of his eye, observed Mimms carrying a television set out of the north door of the store. Speegle chased Mimms, but Mimms jumped into the white Oldsmobile and fled the scene with two other people in the Oldsmobile. Speegle notified the manager, King, who got into his car and was able to follow the Oldsmobile long enough to get the tag number. Speegle then stopped the defendant in front of the store as he was leaving. Defendant told Speegle that he was merely leaving in his car, a blue Chevrolet station wagon. After some conversation, the defendant ran away, but was apprehended by Speegle approximately 6 blocks away. Another store employee followed the Oldsmobile which left the scene with three occupants, and was also able to secure the tag number.

Leatrice Brown testified that on October 5, 1971, she had left her apartment from approximately 3:00 P.M. until 8:00 P.M. During this time the apartment had been unlocked, and when she returned she found a "stolen TV" in her closet. The TV found in her closet was the one identified as having been stolen from the OTASCO Store. Ms. Brown had no idea how the TV got into her closet. Ms. Brown further testified that when she returned home she saw a white Oldsmobile parked four houses down in the middle of the street. She had previously seen this car driven by Fred Mimms who lived next door to her.

The defense called Carl Burks who testified that on October 5, 1971, he drove the defendant to the OTASCO Store for the purpose of purchasing a television set. Burks said that he left the defendant at the store while he went to the service station. About 20 minutes after he had let the defendant out at the OTASCO Store, Burks said that he returned but couldn't

find the defendant. According to Burks, he was driving at this time a 1968 red Camero.

In rebuttal the State called Bill Oakley, a police officer, who testified that after defendant had signed a waiver of rights, defendant told Oakley that he, defendant, had gone to the OTASCO Store on the evening of October 5th with a person named James Flyn, who was driving a red 1962 or 1964 Ford. Oakley further testified that the defendant had related to the officer that Fred Mimms had stolen the TV set from the store.

■ We find no merit to defendant's first contention that the evidence is insufficient to support a conviction. In Oklahoma all persons concerned with the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, are responsible as principals. 21 O.S.1971, § 172. 22 O.S.1971, § 432. It is, of course, necessary that there be some aiding by acts, words, or gestures, or consenting to the commission of the crime. There "must be participancy or the doing of some act at the time of the commission of the crime which is in furtherance of the common design." Anglin v. State, 92 Okl.Cr. 430, 224 P.2d 272.

■ Although the evidence of the defendant's participation in the theft of the television set is circumstantial, there was competent evidence before the jury which, if believed, was sufficient and adequate to support the conclusion that the defendant actively participated in the common design and scheme to steal the television set. The connection between the defendant and Mimms, who took the television from the store, was established. The attempted explanations as to how the defendant arrived at the store are inconsistent. Where a conviction rests upon circumstantial evidence, and circumstances have been proven from which a reasonable and logical inference of guilt clearly arises, and which excludes any reasonable hypotheses, except the guilt of the defendant, the verdict will not be disturbed for insufficiency of evi-

dence. Shoemaker v. State, Okl.Cr., 479 P.2d 621 (1971).

■ Furthermore, we find no merit to the defendant's second contention that the punishment was excessive. Grand larceny, as a first offense, is punishable by imprisonment in the penitentiary not exceeding five years. 21 O.S.1971, § 1705. When a person is convicted of grand larceny, after having previously been convicted of a felony, the punishment is a maximum of ten years imprisonment. 21.O.S.1971, § 51(2). The punishment of seven years assessed by the jury was therefore within the range provided by statute. We find no reason in law upon which to base a modification of sentence.

Accordingly, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs.