Larry Rico MORRISON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–309.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1974.

E. Terril Corley, Asst. Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Larry Rico Morrison, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Tulsa County, Oklahoma, Case No. CRF–72–1876, for the offense of Robbery with Firearms. His punishment was fixed at five (5) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial George M. Noblett testified that on September 28, 1972, he was working as assistant manager of a Tulsa Safeway store; that at approximately 9:00 p. m. he was at the cashier's window in the check cashing booth checking out a cash register drawer. There were approximately fifteen employees and customers in the store at the time. Mr. Noblett glanced up and a colored male about twenty-six years of age came to the window, produced a revolver and ordered Mr. Noblett to give him all of the money in the booth, including that in the safe. The gunman told Noblett that he wasn't alone and that if he tried anything foolish he would be killed. At the same time that the gunman

advised Noblett that he wasn't alone, the gunman nodded his head towards his rear. Noblett glanced up and saw another colored male, the defendant, standing some twenty feet away. When the defendant noticed Noblett's glance, he moved behind an aisle stack. Noblett gave the gunman the money and, along with other customers, was then directed towards the back of the store by the gunman.

David Brent Stice, a Tulsa police officer, then testified that at about 9:00 p. m. on the day in question he was shopping at the Safeway store while off duty and out of uniform. Stice testified that he first noticed the defendant standing by a frozen food case. Stice then saw another black male enter the check cashing booth behind the assistant manager. Shortly thereafter Stice was ordered to the back of the store by the black male with the gun. As Stice was walking toward the back, he glanced over his shoulder and saw the gunman and the defendant leave the store and head West. The defendant went out the door first and the gunman had put his gun in his pocket. Stice then positively identified the defendant.

James Bury then testified that he was also in the store and noticed that it was being robbed by a black male with a gun who then ordered Bury and the others to the back of the store. Bury identified the defendant as being in the store and not more than ten feet away from him at the time of the robbery. Bury did not see the defendant leave the store but did see the gunman leave. He further testified that he first noticed the defendant up by the front door of the store and that it appeared that the defendant was looking toward the street.

Mrs. Bury also gave testimony which was similar to her husband's. However, she could not positively identify the defendant.

The defendant did not testify nor was any evidence presented in his behalf.

The defendant's sole proposition contends that the evidence presented by the

State raised only a mere suspicion of guilt and was insufficient to justify a conviction. In support of his contention the defendant cites a number of cases to support the proposition that the mere presence of one at the scene of the crime, who takes no part in same, gives no counsel and offers no words of encouragement, does not in law constitute such a person a participant in the crime. Moulton v. State, 88 Okl.Cr. 184, 201 P.2d 268; Hubbard v. State, 71 Okl.Cr. 373, 112 P.2d 174; and Turner v. State, Okl.Cr., 477 P.2d 76.

An examination of the cases above cited reflects that in each case there was direct evidence to support the defendant's contention of non-participation in the crime committed. In the *Turner, supra,* case the testimony of the State's only eyewitness reflected that the defendant did nothing to encourage, aid or abet, or assist the co-defendants at the time of the actual kill-nor did he take part in any conspiracy to harm or kill the victim.

However, in the instant case the uncontradicted evidence was that the defendant was seen near the front door and appeared to be on the lookout. The gunman indicated that the defendant was his accomplice. He was not ushered to the back along with the others, and he left with the gunman after the gunman had put his gun in his pocket.

Participation in the commission of a crime may be established by circumstantial evidence. Dean v. State, Okl.Cr., 509 P.2d 1365; Love v. State, Okl.Cr., 449 P.2d 729. The trial court properly instructed the jury that to be concerned in or aid and abet in the commission of a crime as a principal, one must either commit the crime itself or procure it to be done, or aid or assist, abet, advise or encourage its commission. Mere presence or acquiescence, without participation, does not constitute a crime. The uncontradicted evidence was sufficient for the jury to establish concerted action between the defendant and the gunman.

Therefore, for the reasons set out above, it is the opinion of this Court that the defendant received a fair and impartial trial before a properly instructed jury, that there was sufficient evidence presented to establish the defendant's guilt, that the defendant has been deprived of no substantial right and that the judgment and sentence appealed from should be, and the same is hereby affirmed.

BRETT and BUSSEY, JJ., concur.