**Billy Ray THOMAS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-374.**

Court of Criminal Appeals of Oklahoma.

Nov. 5, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Lana Cohlmia, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Billy Ray Thomas, was convicted in the District Court of Cleveland County, Case No. CRF-83-60, of Grand Larceny After Former Conviction of a Felony, for which he received a sentence of eight years' imprisonment, and he appeals.

At 1:25 a.m., on January 19, 1983, Norman police officer John Duncan observed a pickup truck on Franklin Road in Cleveland County, with an orange tractor in it. Further observation revealed that the pickup had no license tag or tailgate, and so Officer Duncan attempted to stop it. The pickup ran a stop sign and began to increase its speed while one of the passengers crawled out the passenger window into the bed of the truck and began to try to push the tractor off. Officer Duncan backed away to avoid injury, but continued his pursuit, radioing a description of the vehicle, and the three occupants, to the dispatcher. Cresting a hill, he nearly ran into the tractor which was lying in the middle of the road. Swerving on the icy road to avoid an accident, he lost sight of the pickup. A few minutes later, the vehicle was observed by another officer just west of the area

where Officer Duncan had last seen it. The vehicle was next observed at Sunnylane and I–240 where a third Norman police officer pursued it with lights and sirens at speeds of up to ninety miles per hour into Oklahoma City, where it was finally stopped by Oklahoma City police officers.

During the trial, one of the defendants, the appellant's wife, testified that she had picked up the appellant and her brother-in-law about 10:00 p.m. where they were working at a location near 104th Street and Triple X Road, that they drank four beers each, and on their way home they were pursued by the Oklahoma City officers who finally stopped them. She speculated that her husband, who was driving, attempted to elude the officers because he had been drinking, and also because he did not have a driver's license.

█ Appellant first alleges that he was denied effective assistance of counsel. As his first subproposition under this assignment of error, the appellant argues that the trial court erred in denying counsel's request for a continuance to allow the attorney more time to prepare for trial. The rule is firmly established that "a motion for continuance is addressed to the sound discretion of the trial court whose ruling will not be disturbed on appeal absent a showing of abuse." *Nobles v. State*, 668 P.2d 1139, 1141 (Okl.Cr.1983). The record reveals that on May 2, 1983, appellant's first attorney was allowed to withdraw as counsel. On June 22, 1983, appellant was appointed counsel upon his application, but the appointment was rescinded on June 29, 1983, when the court found that subsequent evidence had indicated a lack of indigency. One hour before trial, on September 20, 1983, defense counsel for Danny Thomas was appointed to represent the appellant and Charleda Thomas as well, and counsel moved for a continuance, which was denied. These facts show that the appellant had almost three months to obtain counsel, and did not do so, nor did he show any reason why he failed to do so. Even though the trial court had no duty to appoint counsel due to appellant's lack of

indigency, the judge appointed defense counsel who was familiar with his case. We find that the appellant failed to exercise diligence in obtaining counsel, and therefore the court did not abuse its discretion in denying a continuance. See *Smithey v. State*, 385 P.2d 920 (Okl.Cr.1963).

█ As his second subproposition, the appellant complains that the trial court erred when it failed to inquire whether a conflict of interest existed which could prevent the attorney for Danny Thomas from also representing the appellant and Charleda Thomas. The record reveals that neither counsel nor the defendants made any objections to the appointment. The issues in his subproposition are identical to those addressed by the Supreme Court of the United States in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980):

> The first is whether a state trial judge must inquire into the propriety of multiple representation even though no party lodges an objection. The second is whether the mere possibility of a conflict of interest warrants the conclusion that the defendant was deprived of his right to counsel.

*Id.* at 345, 100 S.Ct. 1716. The Court held:

> Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.

*Id.* at 347, 100 S.Ct. 1717.

> [t]he possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.

*Id.* at 350, 100 S.Ct. 1719.

As there is nothing in the record to alert the trial jduge that a conflict of interest existed, and the appellant has not shown an actual conflict of interest, but merely speculated on the possibilities, we find this assignment of error to be without merit.

As his second assignment of error, the appellant alleges that the evidence was insufficient to prove that he committed grand larceny, or that he had a prior felony conviction. Concerning the grand larceny, he argues that the only evidence linking him to the stolen tractor was that he was arrested in a 1968 standard size pickup truck, and he was wearing green coveralls when arrested. We disagree with his analysis of the evidence. As we have frequently held:

> Where a conviction rests upon circumstantial evidence, and circumstances have been proven from which a reasonable and logical inference of guilt clearly arises, and which excludes any reasonable hypotheses, except the guilt of the defendant, the verdict will not be disturbed for insufficiency of evidence.

*Hall v. State,* 503 P.2d 229, 231 (Okl.Cr. 1972).

The record reveals that the appellant was the driver of a pickup truck matching the description of one which was observed at 1:25 a.m. hauling a stolen tractor from the vicinity of the crime, that he was wearing green coveralls matching the description of the suspects given by the officer who was the first to attempt to stop the pickup, that the pickup eluded two Norman police officers, and was chased for a long distance at high speeds on icy roads before finally being stopped in Oklahoma City. The reasonable and logical inference from these facts is that the appellant was a participant in the commission of the theft, and we find this subproposition to be meritless.

Concerning the prior conviction, during the trial the State, as their only evidence, offered a certified copy of a 1974 judgment and sentence suffered by Billy Ray Thomas for Unauthorized Use of a Vehicle After Former Conviction of a Felony. The record reveals that the appellant's full name is Billy Ray Thomas, and at the time of his arrest, he resided in Oklahoma City. He complains that his name is too common to establish prima facie evidence of a prior felony conviction and cites *Smith v. State,* 695 P.2d 1360 (Okl.Cr.1985), in which this Court held that the name James E. Smith was too common to establish prima facie evidence by eleven-year-old documents from another state. We observe that in the case at bar, appellant's full name was used on the document, and the conviction was from the county in which he resided. Furthermore, no contradictory evidence was offered to show the appellant was not the same person. See *Haughey v. State,* 447 P.2d 1019 (Okl.Cr.1969). Such identity of name of the appellant and the person previously convicted is prima facie evidence of identity of person, and in absence of rebutting testimony, supports a finding of such identity.

> This will leave the question of identity to be determined by the jury upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission.

*Williams v. State,* 364 P.2d 702, 704 (Okl. Cr.1961). Therefore, this assignment of error is also without merit.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.