**Danny Lee THOMAS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–375.**

Court of Criminal Appeals of Oklahoma.

Nov. 5, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Danny Lee Thomas, was convicted in the District Court of Cleveland County, Case No. CRF–83–63, of Grand Larceny for which he received a sentence of five years' imprisonment and he appeals.

At 1:25 a.m., on January 19, 1983, Norman police officer John Duncan observed a pickup truck on Franklin Road in Cleveland County, with an orange tractor in it. Fur-

ther observation revealed that the pickup had no license tag or tailgate, and so Officer Duncan attempted to stop it. The pickup ran a stop sign and began to increase its speed while one of the passengers crawled out the passenger window into the bed of the truck and began to try to push the tractor off. Officer Duncan backed away to avoid injury, but continued his pursuit, radioing a description of the vehicle, and the three occupants, to the dispatcher. Cresting a hill, he nearly ran into the tractor which was lying in the middle of the road. Swerving on the icy road to avoid an accident, he lost sight of the pickup. A few minutes later, the vehicle was observed by another officer just west of the area where Officer Duncan had last seen it. The vehicle was next observed at Sunnylane and I–240 where a third Norman police officer pursued it with lights and siren at speeds of up to ninety miles per hour into Oklahoma City, where it was finally stopped by Oklahoma City police officers.

Subsequent information revealed that the tractor had been stolen out of the owner's front yard, a short distance from the location where Officer Duncan first observed the pickup.

During the trial, one of the defendants, the appellant's sister-in-law, testified that she had picked up the appellant and her husband about 10:00 p.m. where they were working at a location near 104th Street and Triple X Road, that they drank four beers each, and on their way home they were pursued by the Oklahoma City officers who finally stopped them. She speculated that her husband, who was driving, attempted to elude the officers because he had been drinking, and also because he did not have a driver's license.

■ For his first assignment of error the appellant complains that the trial court failed to inquire into the possibility that a conflict of interest existed when the court appointed one attorney to represent three codefendants. The record reveals that defense counsel, assisted by co-counsel, was originally appointed to represent the appellant only, but about an hour before the trial the judge appointed defense counsel to represent the appellant's two codefendants as well. Counsel asked for a continuance but did not make any objection based upon a conflict of interest, nor were any objections made by the defendants. The issues in this assignment of error are identical to those addressed by the Supreme Court of the United States in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980):

> The first is whether a state trial judge must inquire into the propriety of multiple representation even though no party lodges an objection. The second is whether the mere possibility of a conflict of interest warrants the conclusion that the defendant was deprived of his right to counsel.

*Id.* at 345, 100 S.Ct. 1716. The Court held:

> Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.

*Id.* at 347, 100 S.Ct. 1717.

> [T]he possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.

*Id.* at 350, 100 S.Ct. 1719.

As there is nothing in the record to alert the trial judge that a conflict of interest existed, and the appellant has not shown an actual conflict of interest, but merely speculated on the possibilities, we find this assignment of error to be without merit.

As his second assignment of error, the appellant argues that the evidence was insufficient to prove that he committed the offense of Grand Larceny. He contends that assuming the evidence presented by the State was true, it would merely show that the appellant was a passenger in a

pickup which carried a stolen tractor. We disagree. As we have frequently held:

Where a conviction rests upon circumstantial evidence, and circumstances have been proven from which a reasonable and logical inference of guilt clearly arises, and which excludes any reasonable hypotheses, except the guilt of the defendant, the verdict will not be disturbed for insufficiency of evidence.

*Hall v. State,* 503 P.2d 229, 231 (Okl.Cr. 1972).

■ The record reveals that the appellant was a passenger in a pickup truck matching the description of one which was observed at 1:25 a.m. hauling a stolen tractor from the vicinity of the crime, that he was wearing green coveralls matching the description of the passenger given by the officer who was the first to attempt to stop the pickup, that the pickup eluded two Norman police officers and was chased for a long distance at high speeds on icy roads before finally being stopped in Oklahoma City. The reasonable and logical inference from these facts is that the appellant was a participant in the commission of the theft, and so we find this assignment also lacks merit.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.