balance between the State's right to appeal what it perceives to be an erroneous ruling by the examining magistrate and the need for a degree of independence on the part of examining magistrates so as to prevent unnecessary harassment of the accused by way of shopping around for a magistrate who will render a favorable decision.

 **R.D.O., a juvenile, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–87–130.**

Court of Criminal Appeals of Oklahoma.

April 7, 1987.

1981, § 1701 and 21 O.S.Supp.1982, § 1704, in a non-jury trial, in Case No. JVJ–86–434, in Tulsa County District Court before the Honorable B.R. Beasley, Associate District Judge. We affirm.

In his sole assignment of error, the appellant contends that the evidence was insufficient to adjudicate him a delinquent on the charge of petit larceny. The evidence presented by the State showed that around 9:30 p.m. on December 11, 1986, six juveniles entered a Circle K store located at 449 South Sheridan in Tulsa, Oklahoma. Two juveniles, identified as A.L. and C.B., entered the store first. Shortly thereafter four other juveniles, including R.D.O., entered the store. The store clerk, Tom Crowley, positively identified all six juveniles. Mr. Crowley testified that C.B. ran and grabbed a 12–pack of beer, held it over his head, and asked Crowley, "Now what are you going to do?" C.B. threatened Crowley.

A.M. took a jar of pickles, and J.H. took two 12–packs of beer, a bottle of pop, and a two-liter bottle of orange drink. R.D.O. was in the back of the store with several other juveniles, hollering and opening and closing cooler doors. Crowley told C.B. to put down the beer or he would call the police. C.B. refused and the six juveniles left together. Crowley then called the police. On cross-examination, Crowley testified that to his knowledge, R.D.O. did not take anything from the store and did not threaten him.

Carla Hudson testified that when she drove up to the store, she saw "about five guys" in the store and that they looked like they were stealing something. She testified that "everyone that was in the store came out with something." When asked if she was guessing about that, she testified: "No, I'm for sure that everybody that came out of the store had something in their hand." After the juveniles left the store, they all ran. Officer Michael Iocco testified that within thirty-five (35) to fifty (50) minutes of receiving a larceny report from the Circle K store clerk, six black male juveniles, including R.D.O., fitting the de-

Paula J. Alfred, Asst. Public Defender, Tulsa, for appellant.

Lynn A. Summers, Asst. Dist. Atty., Tulsa, for appellee.

## OPINION

PARKS, Judge:

The appellant, R.D.O., a juvenile, was charged with Robbery by Force or Fear in violation of 21 O.S.1981, § 791 and convicted of Petit Larceny in violation of 21 O.S.

scription given to the officer were arrested about one mile away.

 Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Spuehler v. State,* 709 P.2d 202, 203–04 (Okl.Cr.1985). In making this assessment, the reviewing court must accept all reasonable inferences and credibility choices that tend to support the trier of fact's verdict. *See Washington v. State,* 729 P.2d 509, 510 (Okl.Cr.1986). Circumstantial evidence and reasonable inferences drawn therefrom, which have the same probative effect as direct testimony, need not exclude every conceivable hypothesis or negate any possibility other than guilt. *See Fiorot v. State,* 641 P.2d 551, 554 (Okl.Cr.1982), *cert. denied,* 469 U.S. 847, 105 S.Ct. 159, 83 L.Ed.2d 96 (1984).

The elements of petit larceny are: (1) taking, (2) carrying away, (3) personal property, (4) of another, (5) of value, (6) by fraud or stealth, (7) with the intent to permanently deprive. *See* OUJI–CR 586 (1981); 21 O.S.1981, § 1701. Although this is a close case, we believe that on this record a rational trier of fact could conclude beyond a reasonable doubt that R.D.O. aided, abetted, assisted or encouraged the commission of the offense so as to be responsible as a principal. *See* 21 O.S. 1981, § 172; *Morrison v. State,* 518 P.2d 1279, 1281 (Okl.Cr.1974); *Love v. State,* 449 P.2d 729, 731 (Okl.Cr.1969). The record shows that the appellant attempted to divert the attention of the store clerk by shouting and by opening and closing cooler doors in the back of the store without purchasing anything. *See Austin v. State,* 418 P.2d 103, 105 (Okl.Cr.1966). The record clearly provides sufficient evidence to establish that the appellant actively participated in a common scheme to steal items from the store. The appellant entered the store with four of the juveniles shortly after two other juveniles entered, he made distracting noises, left with "something" in his hand, left with the other five juveniles, and was arrested less than fifty (50) minutes later about one mile away with the other juveniles who were all positively identified by the store clerk. The appellant was thus connected to the juveniles who actually took the beer and other items. *See Hall v. State,* 503 P.2d 229, 231 (Okl.Cr.1972).

For all of the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.