Johnny R. **BOLDEN** and Terry G. Owens, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16911.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiffs in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Johnny R. Bolden and Terry G. Owens, hereinafter referred to as defendant Bolden and defendant Owens were charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. Their punishment was fixed at twenty (20) years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

At the trial, William Riggs testified that he owned a building at ·2837 N.W. 36th Street in Oklahoma City, whereupon he maintained a kitchen operation and his company offices. He testified that on December 22, 1970, he secured the building at approximately 5:00 o'clock p. m., prior to leaving for the day. He returned to the building at approximately 1:30 a. m. the following morning and discovered glass broken out of a door, two windows in an overhead door broken out, a door frame bent by some sort of steel instrument and ceiling tile had been removed. He testified that defendant Owens had been employed by him during the construction of the building from February to September, 1970. He subsequently made an inventory of the building and found nothing was missing.

Julian Thompson testified that about 11:30 p. m. on the evening in question, he was parked in a lot across from Riggs' building, waiting for some friends in a neighboring bar. He noticed two persons in a 1965 maroon Pontiac pull up in front of the store, remain a short while with the lights off, and then drive away. About

five minutes later the car returned, parked about thirty feet from him, remained about five minutes, then drove across to the building and parked. Two Negro persons emerged from the vehicle and one entered through a broken glass in the door; the other subject returned to the vehicle and then disappeared in the shadows of the building. He left the area to call the police. Upon his return, the vehicle was still there.

Officer Doherty testified that he answered a call to 36th and May that evening about 11:45 p. m. He observed the glass broken out of the door and entered through the hole. He went upstairs and into the attic, where he heard noise of someone breaking through the ceiling. He returned to the parking lot, broadcasted an alarm, and saw a pry bar in the seat of the Pontiac. After finding the bar in the car, he found a plastic identification case containing identification papers of defendant Bolden. He testified that the attic of the building was quite dusty.

Officer Kidd testified that he and his partner, Officer Shaeffer, heard an alarm broadcast concerning the description of two burglar suspects. He observed Sergeant Steelman had stopped the two defendants just at 39th and May. He testified that defendant Bolden's shirt was dusty. Both subjects stated they had been to a bar; however, their explanation of how they had arrived was conflicting.

Jack Roland testified that he was driving down 36th Street about midnight that night and saw police cars near Riggs' building and learned of a possible burglary. Proceeding north on May Avenue, he saw two colored persons crossing the street. He returned to the store and notified the police.

James Washington testified for the defense that he was defendant Bolden's half-brother and went with his father to pick up Bolden's car from impoundment. The car was a light green, 1965 Bonneville with a black vinyl top. The car would not start because of a corroded battery cable.

The defendants did not testify.

██ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

██ The next proposition contends that the trial court erred in failing to instruct on the included offenses of Unlawful Entry and Malicious Destruction. The defendant candidly admits in his brief that "but the evidence here, in absence of anything indicating malice or specific non-burglarious intent, would hardly seem to justify such an instruction." In dealing with a similar question in Hickman v. State, Okl. Cr., 344 P.2d 593, where the accused denied being at the scene and denied knowledge of any burglary, we held that it was not error for the trial court to refuse instructions on included misdemeanor offenses. In the instant case, neither defendant testified, and thus, there was no evidence tending to explain defendant's presence in the building which would call for an instruction on the included offenses.

██ The final proposition asserts that improper rebuttal evidence was admitted. This proposition is well taken. The Record reflects that Officer Kidd testified that he questioned defendants separately and each stated that they had been to a nearby bar. The defendants' only witness testified that the defendants' vehicle was green and was difficult to start because of bad battery connections. The State called in rebuttal Howard Anglin, who testified over defendants' objections that he was assistant manager of a bar next to the building in question, and that neither defendant had been in the bar the evening

in question. We are of the opinion that this purported rebuttal testimony was improper in that it did not controvert that which defendant had hoped to prove. Wafers v. State, Okl.Cr., 444 P.2d 825.

In conclusion, we observe that because of the introduction of the improper rebuttal testimony that justice would best be served by modifying the judgments and sentences to terms of fifteen (15) years imprisonment, and as so modified, the judgments and sentences are affirmed.

BRETT, J., concurs.