**Monroe Cephaus RAPER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17317.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1972.

Rehearing Denied Oct. 17, 1972.

———◆———

Jack N. Shears, Burdick & Shears, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Steven E. Moore, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Monroe Cephaus Raper, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Kay County, Oklahoma, for the offense of Robbery With Firearms; his punishment was fixed at nine (9) years imprisonment and from said judgment and sentence, an appeal has been perfected to this Court.

At the trial, Nora Gilbert testified that on October 22, 1968 she was employed at the

Ohan's Liquor Store in Blackwell, Oklahoma. Prior to 7:00 p. m., the defendant came into the store and bought a bottle of wine. Approximately one-half hour later, the store was robbed by Donald King. King was wearing a stocking on his head and carrying a gun. He demanded that she open the cash register and took approximately One Hundred Twenty-three Dollars ($123.00). As he left, he told her that if she moved within five minutes he would come back and blow her head off. As soon as King was out of sight, she called the police. She testified that to the best of her knowledge, the defendant [Raper] was not intoxicated when he was in the store.

Val Rudy Murray testified that he had known the defendant approximately ten to fifteen years. On the evening in question, somewhere between 7:00 and 8:00, he saw the defendant standing in the driveway of the liquor store. He saw another man enter the liquor store carrying a gun. He testified that the defendant had his hands in his pocket and turned his head and body first from one direction and then the other as if looking in both directions of the street. He turned around and returned to the store and informed the police of what he had observed.

Jessie Lee testified that the defendant and Donald King had previously worked for him on a construction job. He testified that about 6:05 p. m. on the evening in question, he saw the defendant sitting with Donald King and another man and woman at the Riverside Bar, drinking beer.

Patty Cobb testified that on the evening in question she was employed at the Riverside Bar. The defendant came to the bar sometime after 4:00 p. m. and was with Donald King and Bill Pedigo. The three left and returned several times leaving together the last time at approximately 7:00 p. m. She testified that in her opinion the defendant was not drunk when he left the last time.

Sheriff Coffelt testified that he received a radio call on the evening in question that the liquor store in Blackwell had been robbed and obtained a description of the vehicle. He picked up Agent Key of the State Bureau of Investigation and proceeded toward Blackwell. He observed a car answering the description coming west from Blackwell. He turned around, took pursuit, and stopped the vehicle. He further testified that Bill Pedigo was the driver, Donald King was sitting on the passenger side and the defendant was sitting in the back seat. They ordered the three from the car and proceeded to search the three subjects and the vehicle. A wad of bills was found in King's right front pocket. A pistol, which had been partially disassembled, and a stocking were found in the vehicle. He testified that in his opinion the defendant was not intoxicated.

George Morgan testified that he was the Chief of Police in Blackwell and that he had known the defendant for approximately twelve years. He had the opportunity to observe the defendant after he was arrested and in his opinion the defendant was not intoxicated.

Agent Key's testimony did not differ substantially from that of Sheriff Coffelt.

Deputy Johnstone testified that he transported the defendant and the two other subjects from the scene of the arrest to the County Jail. He testified that in his opinion the defendant was not intoxicated.

Donald Albert King was called as a defense witness and testified that he had previously entered a plea of guilty to the robbery of the liquor store. He testified that on the afternoon in question the defendant came into the Riverside Tavern at approximately 4:00. He took the defendant to the liquor store to buy a bottle of wine, at the defendant's request. After buying the wine, they bought some beer and drove around for awhile, returning to the tavern around 6:00 p. m. He testified that he and Bill Pedigo had previously discussed robbing some place in Ponca City or Blackwell without the knowledge of the defendant. When they left the tavern the defendant was intoxicated and had no knowledge of

what they were going to do. On the way to the tavern, the defendant fell asleep in the back seat. He put a sock over his head and robbed the store. As he was coming back into the car, he observed the defendant getting into the front seat. He admitted previous convictions for manslaughter, second degree rape, burglary, drunk driving and public intoxication.

■ The first proposition asserts that the defendant was denied a speedy trial. We are of the opinion that this proposition is without merit. The defendant was arrested on October 22, 1968 and tried on March 19, 1969. Title 22 O.S., § 812 provides as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

At the time of defendant's trial, 20 O.S., § 95, which has been subsequently repealed, was in effect, which stated:

"Two regular terms of the District Court shall be held each year in each county of this state. The time of commencing or convening these two regular terms in each county shall be on the first Monday in January and the first Monday in July in each year. Each regular term shall commence and convene by operation by law at the time herein fixed without any act, order, or formal opening by the judge or other official thereof, and shall continue and be open at all times until and including the day preceding the next regular term, on which day it shall expire and adjourn sine die by operation of law."

We, therefore, conclude that the defendant was tried during the next term of court, as required and defined by the then existing law. We, therefore, find this proposition to be without merit.

■ The second proposition contends that the trial court erred in admitting and excluding certain evidence. This proposition is improperly before this Court in that defendant failed to cite authorities in support of his contention. We have consistently held that we will not search the law for authorities which support defendant's contentions of error. Sandefur v. State, Okl.Cr., 461 P.2d 954.

■ The third proposition contends that the trial court erred in permitting testimony of juvenile matters, which occurred at a remote period of time, to impeach a witness. Defendant argues that the following cross-examination of the defense witness King was improper:

"Q. Did you have a conviction for grand larceny in the state of New York?

"A. No, sir.

"Q. Did you go to the Elmire Reformatory?

"A. Under the name of Hollinbeck I had a conviction. It was a youthful offender and it would be an institution, yes. I wasn't considering that as a felony.

"MR. GEB: We would object unless this is. If it was a juvenile matter, we would object.

"THE COURT: What he considered a felony is immaterial.

"A. I understood when he asked me the question it was whether it was a felony convictions, and I stated my felony convictions. Yes, sir, I did go to Elmire Reformatory.

"Q. What about pettit [sic] larceny? Do you have a conviction of petit larceny?

"A. Not that I recall. No sir.

"Q. Did you obtain a three year sentence on larceny—either petit larceny or grand larceny—in 1947?

"A. Well, that would be the same thing: Elmire Reformatory, yes, sir.

"Q. That's the same thing?

"A. Yes, sir." (Tr. 126–127)

We have observed that although it is highly improper to inquire from a witness as to prior juvenile proceedings as a basis of

impeachment there is nothing in the record before this Court to reflect that King's conviction for larceny in New York was in fact a juvenile offense. We further observe that if the larceny conviction in New York was in fact a juvenile offense that it would have been highly improbable that the same would have prejudiced the jury considering the witness's other convictions of manslaughter, second degree rape, burglary and robbery. We, therefore, find this proposition to be without merit.

 The fourth proposition contends that the trial court failed to instruct on the elements of the crime of robbery in its instructions. Defendant argues that the court failed to instruct the jury as to the elements of robbery as found in 21 O.S., § 791. The record reflects that the defendant failed to object to the instructions nor did the defendant request any additional instructions. We have consistently held that where counsel is not satisfied with the instructions that are given, or desires the court to give any particular instructions, or to more definitely or sufficiently state any proposition embraced in instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given. In the absence of such request, the Court of Criminal Appeals will not reverse a case if the instructions generally cover the subject matter of inquiry. See Schapansky v. State, Okl.Cr., 478 P.2d 912. It is the opinion of this Court that the instructions generally cover the subject matter of inquiry, and further, that defendant's attempt to raise this proposition for the first time on appeal is not timely.

 The next proposition contends that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom,

since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Jones v. State, Okl.Cr., 468 P.2d 805.

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.