**Gary Linn CLARK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**■
**No. M–74–117.**

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1974.

**348**

David O. Harris, Harris & Gladd, Tulsa, Okl., for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Gary Linn Clark, hereinafter referred to as defendant, in the District Court, Oklahoma County, Case No. CRM-73-1659, was charged, tried and convicted for the offense of Operating a Motor Vehicle While Under the Influence of Drugs, in violation of 47 O.S., 11-902. His punishment was fixed at six (6) months' imprisonment in the County jail and a fine of Two-Hundred and Fifty ($250.00) dollars. From said judgment and sentence he has perfected his timely appeal to this Court.

The evidence adduced at the trial from Raymond G. Bingham revealed that on July 12, 1973, at approximately 2:00 a.m., Bingham was driving east on Interstate 40, the Crosstown Expressway located in Oklahoma City, Oklahoma. As he approached the Harvey exit traveling at approximately 60 miles per hour, he observed a 1967 red and white Oldsmobile two door sports model containing a driver and two passengers pass him at a high rate of speed. As he topped a hill he observed this vehicle bear down on a motorcycle and strike it from the rear. Upon arriving at the scene of the accident he observed the two passengers who had been riding on the motorcycle to be injured and lying on the side of the highway. Bingham testified he had a short conversation with the driver of the above mentioned automobile and during that conversation he noticed the driver to be "loose."

George William Roberts testified he was the driver of the motorcycle involved in the above incident. Roberts stated that at approximately 12:00 midnight he got off work and was returning to his residence when he observed another cyclist on Interstate 40 Crosstown Expressway who had apparently run out of gas. Roberts related the details of how he transported him to a gas station finally stating that during their return to the disabled motorcycle and while traveling east on Interstate 40, he experienced what he described as a sudden explosion. Following the experience the next thing he recalled was a tall, thin, blond hired man standing over him and a 1967 Chevrolet Chevelle parked in front of him. Subsequently, he was transported to a hospital where he was treated for his injuries.

George Neil Campbell testified that on the above date he was traveling on Interstate 40 on his motorcycle and ran out of gasoline. Roberts stopped, picked him up and gave him aid in obtaining the gasoline he needed. His testimony regarding the details of obtaining the gasoline and the occurrence of the above incident was substantially the same as that of Roberts. He also related that a thin person with long blond hair talked to him at the scene concerning his injuries.

Trooper Jerry Cook of the Oklahoma State Highway Patrol testified that on the above date at the above approximate time he was dispatched to an accident which reportedly occurred on the Interstate 40 Crosstown Expressway approximately one half mile east of the Robinson exit. He and his companion officer, Trooper Painter, arrived at the scene and Painter investigated the accident. Cook identified the defendant as the driver of the vehicle and testified that at the scene the defendant appeared to be under the influence of intoxicants. Defendant had an odor of alcohol on his breath, his eyes were dilated, he staggered and his speech and attitude were not that of a sober person. Cook consequently placed defendant under arrest for public intoxication and gave Miranda warnings. After the accident had been investigated, he interviewed defendant in the patrol car asking him how much he had to drink. Defendant replied that he had been to a rock festival and at the festival he had smoked a "roach and a half of marijuana." (Tr. 48)

Trooper Painter of the Oklahoma State Highway Patrol testified he investigated the above accident. After relating the details of his investigation, Painter testified that following Cook's placing defendant under arrest, he advised defendant of his rights under the implied consent law. Defendant consented to taking the breath test and tested at .01 per cent blood alcohol content. Trooper Painter testified that during the interviews he and Cook had with defendant, defendant was loose and limp in movements, his eyes were blood-shot, he was talkative, carefree, unconcerned and his speech was jumbled and confused. Painter further related defendant's admission of having smoked marijuana on this evening. Following the administration of the breath test defendant was booked for the offense of driving a motor vehicle while under the influence of drugs.

Thereafter the State rested.

For the defense Ann Dakil testified that on the above evening she was a passenger in the vehicle which defendant was driving. She related they had been to a concert at the Fairgrounds and admitted they had smoked marijuana at approximately 9:00 that evening. Following the concert she stated they went to a friend's home. She related the details of how they arrived at the scene of the incident stating that immediately prior to striking the motorcycle she was riding as a passenger in the car and was gazing out of the window. She turned, observed that they were about to hit the cycle, screamed, and defendant skidded to a stop. Dakil related that the cycle did have a tail light burning and finally stated that there was nothing unusual abut defendant's mannerisms at this time. Her testimony established defendant was not under the influence of drugs at the time of the accident.

Thereafter the defense rested.

Defense counsel first argues defendant was unlawfully arrested for the offense of public intoxication for the reason there is no evidence defendant disturbed the peace of any person. Title 37 O.S.1971, § 8 is the authority establishing the offense of public intoxication. That section in pertinent part reads as follows:

"Any person who shall, in any public place, or in or upon any passenger coach, streetcar, or in or upon any other vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station, or room, drink or otherwise consume any intoxicating liquor, intoxicating substance, or intoxicating compound of any kind, or inhale glue, paint or other intoxicating sub-

stance, *or if any person shall be drunk or intoxicated in any public or private road,* or in any passenger coach, streetcar, or any public place or building, or at any public gathering, from drinking or consuming such intoxicating liquor, intoxicating substance or intoxicating compound or from inhalation of glue, paint or other intoxicating substance, or if any person shall be drunk or intoxicated from any cause and shall disturb the peace of any person, he shall be guilty of a misdemeanor . . .." (Emphasis ours)

We note the statute in the disjunctive describes different acts which constitute public intoxication. The evidence adduced at the trial, as previously stated in this opinion, reveals the officer observed the defendant had the appearance of being intoxicated. He further was standing on a public road. This evidence is sufficient to constitute a misdemeanor of public intoxication committed in the officer's presence. Consequently, the officer had the authority to arrest defendant under the provisions of 22 O.S.1971, § 196. The arrest of defendant therefore was not unlawful as the officer observed the offense committed in his presence. See Rothrock v. State, 89 Okl. Cr. 262, 206 P.2d 1009 (1949). We therefore find this argument to be without merit.

■ Appellant in his first proposition further argues the evidence is insufficient to prove defendant was the driver of the vehicle at the time the incident occurred. We find the direct and circumstantial evidence in the record adduced at the trial does not support this argument. For this reason we find this argument also to be without merit.

■ Defense counsel next urges that the trial court erred in admitting blood alcohol test results. This argument substantially is that it was not relevant to the offense for which he was charged. Assuming arguendo that the introduction of said evidence was error, we observe that in the instant case it was not fundamental error. Counsel has submitted no authority in support of his arguments on this proposition. It is necessary for counsel for the appellant not only to assert error, but to support his contentions by both argument and citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. See Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969). Since counsel has not supported his argument with citations of authority and since we have determined the admission of the evidence complained of in the instant case cannot be deemed fundamentally erroneous, we find this proposition to be without merit.

■ Defense counsel finally urges that the punishment is excessive. We note that defendant was assessed a penalty of exactly one half the penalty provided for by law. Under the facts and circumstances of the instant case, we are unable to say that the penalty imposed shocks this Court's conscience. For this reason we find this proposition to be without merit. See Roberts v. State, Okl.Cr., 473 P.2d 264 (1970).

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.