David Louis WARWICK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M-78-225.

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1979.

Rehearing Denied Feb. 25, 1980.

---

1. Title 22 O.S.1971, § 634, provides:
   "A challenge to the panel must be taken before a jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge."

W. E. Maddux, Nowata, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

David Louis Warwick, the appellant, was charged with Unlawful Possession of Marihuana in the District Court of Nowata County, Case No. CRM–77–73. The jury found the appellant guilty, and punishment was set at one (1) year in the County jail.

The State's testimony revealed that when arrested marihuana and other drugs were found on the appellant. The appellant's only witness, his father, explained that the controlled drugs were present because they had been prescribed by a physician.

█ The first and second assignments of error allege an illegal search and seizure. The appellant contends that an arrest for a misdemeanor cannot be made without a warrant, unless the misdemeanor is committed in the presence of a police officer. Accordingly, he argues this warrantless arrest and subsequent search and seizure was illegal. In *McGaha v. State,* Okl.Cr., 492 P.2d 1101 (1972), we stated that it is the appellant's responsibility to provide on appeal enough of the record to allow review of the alleged error. Therefore, because the transcript of the Motion to Suppress referred to in the appellant's brief was not made a part of the appeals record herein, we are unable to review or resolve this issue.

█ Next, the appellant asserts the trial court erred in refusing to give his requested instructions. The submitted instructions stated that if the jury found the evidence seized consisted only of stalks or seeds incapable of germination, then the jury must return a verdict of not guilty. The trial court was correct in not giving these instructions. The active ingredient in marihuana is tetrahydrocannabinol (THC), and if this chemical is present, it makes no difference in what portion of the plant it is found. It is true, as the appellant argues, that 63 O.S.1971, § 2–101(19), excepts "mature stalks" and "sterilized seed . . . incapable of germination" from the definition of marihuana. However, these excepted portions of the plant do not contain THC. In the instant case, the State chem-

ist testified that he did find THC. We hold that the instructions given were adequate and find no merit to this assignment of error.

The judgment and sentence is *AFFIRMED.*

BUSSEY, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

I concur in this decision for the reason the transcript of trial supports the jury's verdict. The appellant's first assignment of error discusses the hearing on the motion to suppress evidence, but that transcript was not included in the record on appeal. Notwithstanding the fact that the designation of record provided for the entire record to be prepared for appeal, it is the appellant's responsibility to assure that the record is complete when the appeal is submitted to this Court. Therefore, based upon the record submitted, I concur in this decision.