Jerrell TOLES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-79-670.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1981.

Buzbee & Upchurch, Virgil L. Upchurch, Anadarko, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Duane N. Rasmussen, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Presiding Judge.

Determinative of this appeal is whether the closing arguments of the District Attorney influenced a verdict of guilty and a sentence of seven (7) years and a fine of five thousand dollars ($5,000.00) for the offense of Unlawful Delivery of Marijuana.

The appellant was found guilty of selling a bag of marijuana to an undercover agent for twenty five dollars ($25.00). He denied making the sale. Further, the appellant's wife testified that he was in Oklahoma City at the time of the transaction.

The complained of closing argument is as follows:

"MR. BURNS: (continuing) I'm just asking you to look at the party and use your common sense. And the whole thing turns around whether or not you believe Dan Day. Dan Day says that's the man that sold me the marijuana, or whether you're going to let sympathy and sentiment involved in this case interfere with your deliberation. You said you don't like marijuana sellers in Caddo County: it's really all that simple. It's not—"

"MR. UPCHURCH: We object to that, if the Court please, that's appealing to the sympathy and prejudice of the jury."

"THE COURT: Sustained."

"MR. UPCHURCH: And we'd ask that the jury be admonished to disregard it."

"THE COURT: The jury will consider this case on the merits of this case only."

"MR. BURNS: (continuing) I'm just saying that Jerrell Toles—that the evidence proves that Jerrell Toles was a marijuana seller in Caddo County on December 28th —there's no—that's the and evidence. I'm saying that, ladies and gentlemen, you've got to decide how this county speaks out—how you speak out in regard to—

"MR. UPCHURCH: We're going to object to that again, it's appealing to the prejudice and sympathy of the jury, and the Court just admonished him; and we'd

ask the Court again to admonish the jury to disregard it and admonish the District Attorney not to proceed in that line of argument."

"THE COURT: Let's stay on track. That is improper argument. Go ahead."

We do find merit to the contention that the prosecutorial remarks were improper. In passing, however, we note the jury was admonished not to consider these remarks in their deliberations, and there was overwhelming evidence of guilt.

 It is well settled that to constitute grounds for reversal the arguments of the State's attorney must have been so grossly improper as to have affected the appellant's rights. *Beeks v. State*, Okl.Cr., 563 P.2d 653 (1977); *Disheroon v. State*, Okl.Cr., 357 P.2d 236 (1960). After carefully searching the record, it is difficult to say that the appellant was prejudiced so as to require a reversal. However, because the remarks may have enhanced the sentence we are of the opinion that the judgment and sentence should be modified from seven (7) years and a fine of five thousand dollars ($5,000.00) to five (5) years and a fine of five thousand dollars ($5,000.00) and *AFFIRMED AS MODIFIED.*

BRETT and BUSSEY, JJ., concurs.