**James Allen SELF, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–81–549.**

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1983.

Byron L. Wilhite, Durant, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Division, Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, James Allen Self, was charged with Unlawful Possession of Mari-

juana with Intent to Distribute, and was convicted of Unlawful Possession of Marijuana, in Bryan County District Court, Case No. CRF–80–175, was sentenced to one (1) year in the county jail, and he appeals.

Oklahoma Highway Patrol Trooper, Terry Almon testified that on September 19, 1980, at about 9:50 P.M., he investigated a 1970 green Cadillac which was parked on the side of U.S. Highway 69 in Bryan County. He approached the vehicle and observed the appellant asleep in the front seat and the appellant's brother, Billy Self, asleep in the back seat. Further, he saw a loaded revolver resting on the transmission hump under the dashboard. Trooper Almon prodded the appellant into consciousness, who reacted by covering the gun with his foot. As he made a motion for the weapon, the trooper drew his service revolver and ordered Self out of the vehicle; the appellant, who admittedly was the driver, complied with the order. According to Almon, Self had an odor of alcoholic beverage on his breath, his eyes were red and watery and he was unsteady on his feet. The appellant was placed under arrest for transporting a loaded weapon and public intoxication. Furthermore, when a vehicle registration check was completed, the vehicle tag matched a 1955 Willis Jeep. The Cadillac was impounded and an inventory initiated.

Additionally, the trooper testified that either the appellant or his brother, who was awakened after several attempts, stated that there was no key that would open the trunk. However, one of the keys obtained from the ignition of the car opened the trunk, which yielded five and one-half (5½) pounds of a substance that an O.S.B.I. chemist testified at trial was marijuana. Also, a loaded shotgun and scales were found in the trunk. Later while at the jail, the appellant told the trooper that the vehicle was not paid for, and he was concerned.

Appellant testified that he did not own the vehicle, but it was the property of his uncle, from whom he and his brother had

borrowed it a couple hours earlier in Dallas, Texas. He stated that he had gotten sleepy and parked the car, shoving the loaded pistol, which he had allegedly inadvertently found in the glovebox, onto the floorboard "for protection." He denied any knowledge or control of the marijuana, the scales or the shotgun found in the trunk.

■■■ In one of his assignments of error, Self argues that insufficient evidence was presented at the preliminary hearing to bind him over for trial and, therefore, his motion to quash the information should have been sustained. It is well settled that the State is not required at preliminary hearing to produce more evidence than that required to show an offense was committed and that there are reasonable grounds to believe the defendant committed the offense. *Baker v. State,* 593 P.2d 100 (Okl.Cr. 1979). After reviewing the evidence of the preliminary hearing, we find there was sufficient probable cause to bind the appellant over for trial. Therefore, this assignment of error is without merit.

■■■ In another assignment of error, the appellant argues that, since the State did not prove that he was the owner of the vehicle and because he testified that he lacked knowledge of the presence of the marijuana in the trunk, the verdict is contrary to the evidence, as he claims he did not knowingly and intentionally possess the marijuana. It is true that we have repeatedly held as follows:

> Where a person is present in premises where marihuana is found, but does not have the exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marihuana and had control of it *unless there are additional independent factors showing his knowledge and control. England v. State,* 496 P.2d 382 (Okl. Cr.1972). (Emphasis added)

It is also well established that a criminal case may be proved circumstantially and reasonable inferences drawn therefrom

have the same probative effect as direct testimony. *Collins v. State,* 561 P.2d 1373 (Okl.Cr.1977); *Logan v. State,* 493 P.2d 842 (Okl.Cr.1972); *Young v. State,* 373 P.2d 273 (Okl.Cr.1962). Additionally, circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. *Agee v. State,* 562 P.2d 913 (Okl.Cr.1977), and cases cited therein.

■■■ In the present case, as in *England,* supra, there are additional independent factors which support the jury's finding that the appellant had knowledge and control over the marijuana, these include the following: the possession of the loaded revolver on the floorboard; his covering it with his foot when the trooper awakened him; his movement toward the gun; the statement that there was no key to the trunk, when in fact there was; the fact that he admitted that he was the driver; his later statement to the trooper stating his concern for the vehicle because money was still owed on the car's purchase; and his testimony that although he had left Dallas around 7:00 P.M. he had to park the car and get some sleep, even though he had not gotten up until 7:30 A.M. that morning. The law regarding the sufficiency of evidence necessary to sustain a conviction in a criminal case has been clearly stated on numerous occasions by this Court. The test is whether a prima facie case has been established by the State. As long as that test is satisfied, fact questions are for the jury to determine and resolve. *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980); *Hunt v. State,* 601 P.2d 464 (Okl.Cr.1979). Upon review of the evidence in determining whether the State has established a prima facie case, this Court will view the evidence in the light most favorable to the State. *Renfro,* supra. This Court will not interfere with a jury's verdict where there is competent evidence in the record from which that jury could reasonably find a defendant guilty as charged, even though there be sharp conflict in the evidence and even though different inferences may be drawn therefrom. *Renfro,* supra.

We find no basis to interfere with the jury's verdict, as there was sufficient evidence presented from which they could reasonably have concluded that the appellant was guilty of the crime charged. This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.

CORNISH, J., concurs in results.