James E. SMITH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–119.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1985.

Opio Toure, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for the State.

## OPINION

PARKS, Presiding Judge:

On appeal from his conviction of Attempted Burglary, After Former Conviction of a Felony, Case No. CRF–79–54, and sentence of five (5) years imprisonment from the District Court of Noble, County, Oklahoma, the appellant, James E. Smith, raises ten assignments of error. The facts are as follows:

Appellant and another man were seen by two witnesses walking back and forth on the streets of downtown Perry, Oklahoma between 9:30 and 10:00 p.m. on August 1, 1979. Both witnesses said that as appellant and his companion passed by them, they smelled liquor "very strongly" on their breath. Eventually the witnesses became concerned, and went to the police station to report their suspicions. While waiting for an officer to arrive, one of the witnesses saw appellant standing ten to fifteen feet from the door of Chris' Pharmacy.

The witnesses told a police officer what they had observed, and the officer went to the location. He first saw appellant near the pharmacy, and the other man in a nearby alley. When the officer looked away, the other man disappeared. The officer stopped appellant and asked him for identification. When appellant told him he had none, the officer noticed that appellant had bloodshot eyes and the odor of alcohol on his breath. The officer arrested appellant for public intoxication, and found a screwdriver and a rubber Play-Tex glove in a search incident to the arrest.

When the owner of Chris' Pharmacy arrived at the store the next morning, the lock cylinder came out of the door lock, and it appeared to have been forcibly removed. The owner testified that though the store contained Schedule II drugs, merchandise, and some cash, nothing was taken or disturbed.

Appellant was then charged with attempted burglary. At trial, the prosecution introduced evidence that appellant tried to bribe his jailer to help him escape, and that he forfeited his bond by failing to appear when the case first came to trial. Appellant's only witness was a locksmith who testified that the lock could not have been removed with a screwdriver alone.

## I.

■ In his first assignment of error, appellant challenges the sufficiency of the evidence, both to prove the crime generally, and more specifically, to prove the specific intent required for attempted burglary. Though the state's case against appellant consisted almost entirely of circumstantial evidence, such evidence will be sufficient if the circumstances are "inconsistent with any reasonable hypothesis other than the defendant's guilt." *Hager v. State*, 612 P.2d 1369, 1372 (Okl.Cr.1980). "[T]he circumstantial evidence need not exclude *every* hypothesis ... other than guilt," *Self v. State*, 657 P.2d 1202, 1204 (Okl.Cr.1983), and it will be considered in the light most favorable to the state. *Rudd v. State* 649 P.2d 791 (Okl.Cr.1982).

■ Barring an admission by a defendant, intent is difficult to prove by means other than circumstantial evidence. Appellant concedes that intent may be reasonably inferred from facts and circumstances surrounding the offense. *Weimar v. State*, 556 P.2d 1020 (Okl.Cr.1976). In the present case, appellant offers no hypothesis other than guilt, and we cannot think of one either. Therefore, we find the evidence sufficient to support the verdict.

## II.

■ In his next two assignments, appellant challenges the legality of his arrest, and the admission of the screwdriver and glove into evidence. A search incident to arrest is a well recognized exception to the requirement of a search warrant. The legality of the search and seizure of the screwdriver and glove depends upon the legality of the arrest. An arrest requires probable cause to be legal.

■ Initially we note that appellant, at trial, objected to neither the arrest nor the seizure of the evidence, therefore we will review this question only for fundamental error. *Byrd v. State*, 657 P.2d 183 (Okl.Cr. 1983). We find none.

Appellant asserts that the arresting officer did not have probable cause for the arrest. He cites several cases in which we have found probable cause for a public intoxication arrest, but all with more substantial facts than the present case.[1] However, as the state correctly points out, none of those cases established a minimum amount of facts needed to establish probable cause; but rather each held, on its own facts, that probable cause existed.

■ "The test for a lawful warrantless arrest is whether at the moment the arrest was made the facts and circumstances within the arresting officer's knowledge, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent man to believe that the arrestee had committed or was committing a crime." *Pitts v. State*, 649 P.2d 788, 790 (Okl.Cr. 1982), *citing Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In this case, we find the officers had probable cause to arrest, and thus, the search was valid.

## III.

Appellant's fourth assignment of error arises out of an occurance early in trial. The prosecutor inadvertently submitted to

---

1. *Findlay v. City of Tulsa*, 561 P.2d 980 (Okl.Cr. 1977), *Application of Baggett*, 531 P.2d 1011 (Okl.Cr.1974), *Clark v. State*, 527 P.2d 347 (Okl. Cr.1974).

the court as evidence a lock cylinder that did not come from Chris' Pharmacy, but was from a different burglary. Appellant claims this improperly presented evidence of other crimes.

■ However, no evidence of other crimes was ever given. The wrong lock was never admitted into evidence. The only time the jury ever saw the wrong lock was when it was in a witness's hand, and the correct lock was ultimately admitted into evidence. The jury was given a complete explanation of the error, and the judge admonished them saying they were "... not to consider the testimony in relation to said lock inasmuch as it has no bearing or relationship to this offense or to this Defendant and you are not to consider the same in your deliberations." (Tr. p. 45).

This admonition clearly cured whatever error or prejudice that may have occurred. *Hayes v. State*, 550 P.2d 1344 (Okl.Cr. 1976).

## IV.

In his next three assignments of error, appellant claims it was error for the trial court to admit evidence of his attempted bribe of the jailer, his failure to appear on the earlier trial date, and the instructions to the jury regarding that evidence. This position is not well taken.

■ The other acts evidence admitted in the present case clearly falls within the category of "evidence of flight, concealment and analogous conduct is admissible as evidence because it is a circumstance tending to show consciousness of guilt." *Wilson v. State*, 96 Okl.Cr. 137, 139, 250 P.2d 72, 75 (1952). Furthermore, all of the procedures for the admission of evidence of other crimes mandated in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), were followed. Evidence of flight is probative of a defendant's intent and the absence of mistake or accident.

Appellant contends the attempt to bribe a jailer and failure to appear at trial does not show flight and is not visibly connected to the offense charged. Clearly, the other acts are connected as they are an attempt to escape incarceration for, and prosecution of, the offense charged. It has been held that the acts in question do constitute flight. See 22A C.J.S., § 625(b) (1961); *Henderson v. State*, 289 S.W.2d 274, 163 Tex.Cr. 153 (1956). The court's instruction to the jury on flight was correct and complete. These assignments of error are without merit.

## V.

■ Appellant's eighth assignment of error claims the trial court committed error by failing to instruct on the lesser included offenses of Illegal Entry, and Malicious Mischief. 21 O.S. 1981, §§ 1438 & 1760 respectively. As appellant failed to request these instructions, we will, again, review only for fundamental error. *Long v. State*, 654 P.2d 647 (Okl.Cr.1982). We find no fundamental error existed.

■ First, illegal entry is not a lesser included offense of burglary (or attempted burglary). In *Collums v. State*, 654 P.2d 1070 (Okl.Cr.1982), we held the two offenses to be distinct, because the state is not required to prove force in a charge of illegal entry. As there was evidence of force in the present case, an instruction on illegal entry was not required. We also cannot say it was fundamental error to omit an instruction on malicious mischief on these facts. Cf. *Bolden v. State*, 491 P.2d 313 (Okl.Cr.1971).

## VI.

■ Appellant next claims that the prosecutor improperly commented on appellant's failure to testify when, in summation, he said:

... I would point out to you that with the exception of the testimony of Tracy Hicks concerning the lock, the evidence from the State of Oklahoma has gone uncontradicted—unopposed, with the sole exception of Tracy Hicks ... (Tr. p. 305).

The prosecutor's statement appears merely to be a comment on the evidence,

i.e. that it is uncontradicted with one exception. This sort of comment is permissible. *Hays v. State,* 617 P.2d 223 (Okl.Cr.1980). The conclusion reached by appellant regarding this statement comes only by inference, but in *Hays, supra,* we said:

> ... unless a prosecutor's comments are of such a nature that a jury would naturally and necessarily construe them to be directed to the failure of the defendant to testify, they are not prejudicial. *Id.* at 230.

In the present case, we cannot say a jury would "naturally and necessarily construe" the statement to be a comment on appellant's failure to testify, and this proposition is without merit.

## VII.

In appellant's last assignment of error, he claims the state put on insufficient evidence in the sentencing portion of trial to identify him as the James E. Smith named in the documents in evidence. We agree.

To prove appellant's former felony conviction, the prosecution submitted, and the court admitted into evidence, a grand jury indictment, a copy of a judgment and commitment, and a copy of an appearance docket to show that James E. Smith pled guilty to Theft over $50 in Gregg County, Texas, in 1970.

We have said:

> [T]he identity of the name of the defendant and that of the person previously convicted is sufficient as prima facie evidence of identity of person *unless the name is so common as to negate the prima facie identification.* (emphasis added) *Brown v. State,* 578 P.2d 364, 366 (Okl.Cr.1978).

In the present case, we are of the opinion that James E. Smith is far too common a name to establish prima facie evidence by eleven year-old documents from another state. Therefore, appellant's sentence must be modified to that which would be given to a first offender.

Accordingly, for the foregoing reasons, the judgment is AFFIRMED, and the sentence is MODIFIED to the maximum first offense punishment of three and one-half (3½) years imprisonment.

BRETT, J., concurs.

BUSSEY, J., concurs in part, dissents in part.