**Bobby Gerald LIPE, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-82-597.**

Court of Criminal Appeals of Oklahoma.

April 1, 1986.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Bobby Gerald Lipe, Jr., was convicted of Larceny of an Automobile After Former Conviction of Two Felonies in the District Court of Pontotoc County, Oklahoma, Case No. CRF-81-121. He was sentenced to a term of twenty (20) years' imprisonment, and appeals. We affirm.

In the evening hours of November 23, 1981, appellant and an accomplice, F.P., a minor at the time of the offense, drove to a drilling rig one half mile south of Homer School in Pontotoc County. A maroon, one ton welding truck was stolen from the site. F.P. and appellant then drove the truck to Purcell, Oklahoma, where they sold it for $800.00. The truck and its welding equipment was valued at $14,000.

Appellant raises eight assignments of error on appeal. In his first assignment of error, the appellant correctly contends that the trial court improperly admitted evidence of his prior juvenile adjudications. The Oklahoma Evidence Code explicitly proscribes the use of juvenile adjudications against the accused for impeachment purposes. *See* 12 O.S. 1981, § 2609(D). However, the appellant fails to demonstrate jury prejudice caused by the prosecutor's questions, in light of his own admissions on direct examination that he had been previously convicted of two felonies—burglary, and pointing a firearm. *See Raper v.*

*State,* 501 P.2d 847 (Okl.Cr.1972). Therefore, this assignment of error is without merit.

Appellant's second assignment of error alleges that the trial court committed reversible error by failing to deliver a cautionary instruction to the jury explaining the limited use of other crimes as evidence. The appellant testified on direct examination concerning his two prior felony convictions. Furthermore, the appellant did not then, nor does the record disclose later, make any request to admonish the jury regarding the limited use of evidence of other crimes.

In spite of the apparent requirement of *Burks v. State,* 594 P.2d 771 (Okl. Cr.1979), that the trial court shall issue cautionary instructions following admission of evidence of other crimes, it has been the opinion of this Court that if no instruction is requested by the appellant, then no error occured. If the appellant wishes evidence admitted for a single purpose, to be limited solely to such purpose, he must ask for, in this case, a cautionary instruction. *Wills v. State,* 636 P.2d 372, 376 (Okl.Cr.1981). A review of the trial transcript reveals the failure of the appellant to request such an instruction. Therefore, this assignment of error is without merit.

The appellant asserts in his sixth assignment of error that improper comments by the prosecutor and the admission of irrelevant and immaterial evidence denied him of his fundamental right to a fair and impartial trial. In his brief, the appellant enumerates five instances of alleged improper comments by the prosecutor. A review of the transcript discloses that in only one instance, did the appellant even object. Therefore, since timely objections were not made in the other four instances, they are reviewed only for fundamental error. *Tobler v. State,* 688 P.2d 350 (Okl. Cr.1984); *Williams v. State,* 542 P.2d 554 (Okl.Cr.1975). In the last instance, appellant made timely objection to the use of comments during closing arguments based wholly outside the record. The trial court

admonished the jury to consider only that evidence which was in the record. In *Mahorney v. State*, 664 P.2d 1042 (Okl.Cr. 1983), this Court held that such an admonishment is sufficient to cure any possible error. Therefore, the assertion that improper comments by the prosecutor denied the appellant an impartial and fair trial is wholly without merit.

■ The appellant also contends that the trial court abused its discretion by allowing irrelevant and immaterial evidence to be admitted during rebuttal. F.P. testified that on the day after the theft of the vehicle, the appellant purchased for F.P. a bus ticket to Wewoka, Oklahoma. This evidence was used to refute the appellant's testimony that he had no money. The evidence was properly admitted ·and, therefore, this assertion is meritless. *Schneider v. State*, 538 P.2d 1088 (Okl.Cr.1975).

■ The appellant contends in his seventh assignment of error that he is entitled to a new trial based upon newly discovered evidence. Concurrent with this appeal, the appellant filed, on February 18, 1983, a motion for a new trial, pursuant to Court Rule 2.1(A)(2), 22 O.S. 1981, Ch. 18 App. This Court then ordered an evidentiary hearing on the issue on July 13, 1984. Following the hearing, this Court issued its order on December 3, 1984 denying the motion for a new trial based upon newly discovered evidence. This assignment, accordingly, is a moot issue.

Because of the proximity of the subject matter, this Court deems it necessary to combine appellant's third, fourth and fifth assignments of error. The gist of these assertions is that the State did not put forth sufficient and competent evidence with which to convict the appellant. Specifically, he claims that (a) the trial court failed to instruct on the appellant's theory of defense, (b) the trial court committed reversible error in admitting the appellant's alleged oral statement to OSBI agents in violation of his Fifth Amendment right against self-incrimination and the due process clause of the Fourteenth Amendment, and (c) that the evidence was insufficient

under the law and facts of this case to sustain appellant's conviction.

■ At the outset, the appellant asserts that his theory of defense was that he went with F.P. to the drilling site to steal gasoline. Instead, F.P. also stole the welding truck and appellant followed him to Purcell, Oklahoma, so that F.P. would have a ride home. The appellant argues that he did not encourage or assist F.P. in any way. A review of the record and jury instructions reflect that the trial court properly instructed on the appellant's theory of defense, namely whether or not he was an aider and abettor. If these instructions were not satisfactory to the appellant, the record is silent, for no objections are noted nor are requested instructions shown. Therefore, this assignment of error is waived. *See Warwick v. State*, 606 P.2d 1139 (Okl.Cr.1979) and *McGaha v. State*, 492 P.2d 1101 (Okl.Cr.1972).

Appellant argues that his Fifth Amendment rights against self-incrimination and due process guarantees were violated. Appellant was arrested a few days following the larceny and taken to the Pontotoc County Jail, where he was interviewed, on December 9, 1981, by an agent from the Oklahoma State Bureau of Investigation (OSBI). OSBI Agent Greg Shields testified that, before he interviewed the appellant, he read him his constitutional rights. Agent Shields stated further that appellant voluntarily and intelligently waived his rights and executed an acknowledgment and waiver of rights form in his presence, and the presence of another OSBI agent, Alan Salmon. The appellant then made a written statement concerning the theft of the truck from the drilling site, which stated:

Got up and w[e]nt to Ada me (sic)/Bobby Lipe, Jr. and [F.P.] about 7 p.m. [F.P.] got out of my car and went to a welding rig (Triple B Drilling) (sic) and picked up 1 purple welding rig and we went to Purcell where [F.P.] sold the truck to a guy named Carol <u>Carl</u>

/s/ Bobby G. Lipe, Jr.
12-8-81
Witnesses ·/s/ Greg Shields
Alan P. Salmon

Carl
I was present when Carol got the truck from F.P.

/s/ Bobby G. Lipe, Jr.
12–9–81

Witness

Agent Shields further testified that, on December 11, 1981, he returned to the Pontotoc County Jail to interview the appellant. Agent Shields stated that he read the appellant his rights and that the appellant agreed to talk. Agent Shields stated that the appellant implicated himself further during the second interview. Based upon his notes, Agent Shields testified that the appellant stated that he and F.P. took the welding truck to the home of Carl, nine miles west of Purcell, where Carl paid him $800 for the vehicle.

 Prior to permitting the evidence concerning the statements of the appellant to be heard by the jury, the trial court held an in camera hearing to determine if the statements were taken in violation of the appellant's Fifth Amendment right against self-incrimination. The trial court heard the above stated evidence, as well as the fact that the appellant was in the process of retaining counsel. However, in deeming that the statements would be admitted, the trial court overruled the motion to suppress on the basis that the Miranda warnings were adequately given, the appellant was adequately advised in regard to them, and the appellant freely and voluntarily gave his statement on both occasions in writing and orally. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). Finding no abuse of discretion by the trial court, there was no error in admitting the statements.

 The appellant raises the argument that under the law and facts of this case, the evidence presented by the State was insufficient to sustain appellant's conviction. In Oklahoma, the law is well settled as to the liability of aiders and abettors. Principals are defined, in 21 O.S. 1981, § 172 as "[a]ll persons concerned in the commission of [a] crime, whether it be [a] felony or misdemeanor, and whether they directly commit the act constituting the offense *or aid and abet in its commission....*" [Emphasis added] *See generally Stanberry v. State*, 637 P.2d 892 (Okl. Cr.1981); *Jasper v. State*, 269 P.2d 375 (Okl.Cr.1954). It is also well settled that an allegation, implicating that the accused aided and abetted in the crime, requires the State to show that the accused procured the commission of the crime, or aided, assisted, abetted, advised, or encouraged its commission. The mere presence at or acquiesence of a crime, without participation, does not constitute a crime. *Hindman v. State*, 647 P.2d 456 (Okl.Cr.1982); *Morrison v. State*, 518 P.2d 1279 (Okl.Cr.1974). The State presented sufficient evidence to prove that the appellant acted in concert with F.P. in stealing the truck. This assignment of error is therefore, without merit.

Finally, the appellant asserts that an accumulation of error in the trial of this case, when considered as a whole, deprived him of a fair trial. It has long been held that if the previous assignments of error are without merit, then the final contention that there was an accumulation of error is also without merit. *Wills v. State, supra; Haney v. State*, 503 P.2d 909 (Okl.Cr.1972).

It is therefore the opinion of this Court that the judgment and sentence of the District Court be AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.