**David M. DORSEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–250.**

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, David M. Dorsey, was convicted of the crime of Murder in the Second Degree in the District Court of Comanche County in Case No. CRF–84–267 and was sentenced to ten (10) years imprisonment, and he appeals.

Briefly stated the facts are that on May 26, 1984, Gail Dorsey, appellant's wife, left her residence in Lawton, Oklahoma, and went across the street to a store where she saw Allen Hartgraves, the man with whom she had been having an affair ever since her husband had been stationed with the Army in Honduras. The appellant, who had returned from Honduras a few days earlier, was at the apartment and observed his wife and Hartgraves together. Appellant, armed with a knife, went across the street to talk to Hartgraves. After a brief argument the two men began fighting, and appellant stabbed Hartgraves in the abdomen and then left the store, taking his wife with him. Hartgraves died the following morning.

■ For his first assignment of error appellant asserts that the trial court abused its discretion by not suspending a portion of his sentence. In support of this contention appellant notes that the presentence investigation report recommended a minimum period of incarceration with the balance suspended. Whether or not to grant a suspended sentence is discretionary with the trial court, and we find nothing in the record which would indicate an abuse of discretion in this case. *Howell v. State*, 632 P.2d 1223 (Okl.Cr.1981). However, appellant is reminded of 22 O.S.1981, § 994 which gives him an opportunity to seek reconsideration of suspension after the appeal has been taken. This assignment is groundless.

■ In his next assignment of error appellant contends that the evidence was insufficient to support a conviction for Second Degree Murder. When the sufficiency of the evidence is challenged on appeal the relevant question is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). The applicable statute, 21 O.S.1981, § 701.-8, provides in pertinent part:

Homicide is murder in the second degree in the following cases:

1. When perpetrated by an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual; ...

In the instant case, appellant intentionally armed himself with a knife and entered the store where he started a fight with the victim and intentionally stabbed him. We find that based upon the evidence presented at trial a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, this assignment is meritless.

■ As his final assignment of error appellant argues that his sentencing was adversely affected by ineffective assistance of counsel. He alleges that defense counsel was under the influence of alcohol during the trial; that defense counsel's opening statement was too brief; that defense counsel failed to object during the State's closing argument; and that defense counsel's performance was deficient at the formal sentencing. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In this case, the trial judge and the prosecutor both stated that they smelled an odor of alcohol about defense counsel. However, both also stated that they did not observe any problem with defense counsel's performance. Defense counsel denied that he had been drinking, but stated that he had consumed one cocktail the previous

evening. Since the trial judge properly questioned defense counsel and found no deficiency in his performance, we affirm the trial court's determination that defense counsel's performance was in no way affected by his alleged alcohol consumption.

Additionally, we have examined the record before us and find that although defense counsel's performance was not errorless, appellant was afforded reasonably effective assistance of counsel. *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980). Moreover, in light of the overwhelming evidence of appellant's guilt and the fact that he received the minimum sentence allowed by law, we further find that appellant failed to establish prejudice. This assignment of error is therefore without merit.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., specially concurring in results.