Glenn W. JACKSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-85-123.

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1988.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Glenn W. Jackson, was tried by a jury in Comanche County District Court, Case No. CRF–83–775, and found guilty of Robbery by Force or Fear in violation of 21 O.S.1981, § 791. Appellant was sentenced in accordance with the jury's recommendation to twenty (20) years' imprisonment. He now appeals both judgment and sentence.

At an indeterminate time on December 6, 1983, one of the Glen's Pawn Shops in Lawton was robbed. Paige Hamilton, the store clerk, was waiting on appellant and another man when appellant struck her in the head with a metal object. Ms. Hamilton fell to her knees but remained conscious. The two men put her in the bathroom and proceeded to take money from the cash register and some stereo equipment.

Appellant took the stand and presented his alibi defense. On rebuttal, the State presented Glenda Mayes, a clerk in another Glen's Pawn Shop in Lawton. She stated, in support of Ms. Hamilton's testimony, that appellant and another man had entered her store on the day in question and inquired about some stereo equipment.

In his first assignment of error, appellant argues that the trial court failed to give the jury a proper instruction on his alibi defense. Specifically, he claims that the instruction given did not adequately apprise the jury that the burden was on the State to disprove beyond a reasonable doubt his defense of alibi. We disagree. Appellant waived all but fundamental error by failing to either submit his own instruction or object to the one given. *Nash v. State*, 685 P.2d 972, 974 (Okl.Cr.1984). And, this Court has previously sanctioned the very alibi instruction about which appellant now complains. *Novey v. State*, 709 P.2d 696, 698 (Okl.Cr.1985) (Instruction No. 8). Therefore, appellant's first assignment of error is denied.

Appellant argues in his second assignment of error that improper remarks by the prosecutor during closing argument deprived him of a fair trial. First, appellant claims that the State improperly commented on his failure to call witnesses to testify in support of his alibi defense. While our review of this remark is limited solely to fundamental error because appellant failed to object to it at trial, *see Lipe v. State*, 716 P.2d 700, 702 (Okl.Cr.1986), we nonetheless find that appellant's claim has no merit: The failure to put on the stand a material witness who could bolster a defendant's alibi defense is legitimate matter for prosecutorial comment during closing argument. *Black v. State*, 664 P.2d 1054, 1058 (Okl.Cr.1983).

According to appellant, a second set of prosecutorial comments improperly referred to his failure to testify, and also implied that he was lying. Again we note that appellant failed to object to them at trial. However, the remarks which allegedly referred to appellant's failure to take the stand were not "of such a nature that a jury would naturally and necessarily construe them to be directed to the failure of the defendant to testify," and were thus not prejudicial. *Smith v. State*, 695 P.2d 1360, 1364 (Okl.Cr.1985), quoting *Hays v. State*, 617 P.2d 223, 230 (Okl.Cr.1980). And, appellant's interpretation of the comments which supposedly implied that he was a liar is totally unsupported by the record.

The third prosecutorial remark about which appellant complains stated that, "[i]t is not the State's burden of proof to disprove an alibi." (Tr. 133) Once again appellant failed to object to this comment, waiving all but fundamental error. Nevertheless, because the burden of proof is always on the State to prove the guilt of the accused beyond a reasonable doubt, and not on the accused to prove his own innocence, this prosecutorial remark misstated the law. However, it was not so fundamentally prejudicial that the court's proper instructions to the jury could not have corrected any error which may have occurred. *Boyd v. State*, 743 P.2d 674, 676 (Okl.Cr.1987).

In the fourth comment with which appellant takes issue, the prosecutor drew the inference, from the testimony of one of the State's witnesses (Glenda Mayes), that appellant was involved in the planning of "other crimes" on the day he allegedly robbed Glen's Pawn Shop:

Now, what does that show? And here you can only draw inferences from the evidence. The inference that you may wish to draw from this evidence is that the individuals, Michael Jordon and Glen Jackson, were out casing the other pawn shop.

(Tr. 131) Appellant made a timely objection which preserved this issue for appeal.

We agree that the prosecutor's comment was improper.

While the right of argument is meant to encourage each side to discuss the inferences arising from the evidence, it does not permit the prosecutor to reinforce his position by suppositions which are "unsupported by competent evidence offered at trial." *Green v. State*, 611 P.2d 262, 265 (Okl.Cr.1980). In the instant case, Ms. Mayes's testimony was devoid of any facts which would have supported an inference that appellant was "casing" the pawn shop where she was employed prior to robbing the other one. Therefore, this prosecutorial comment exceeded the scope of proper closing argument.

In light of the strong evidence of guilt, we do not believe that appellant was so prejudiced by this last statement that reversal is warranted. *Toles v. State*, 623 P.2d 1055, 1057 (Okl.Cr.1981). However, because this misleading remark may have enhanced appellant's sentence, we have decided to modify it to the statutory minimum of ten (10) years' imprisonment. *See* 21 O.S.1981, § 798. Therefore, appellant's second assignment of error prevails in part.

In his third assignment of error, appellant alleges that the trial court abused its discretion in sentencing him in accordance with the jury's verdict rather than suspending at least some of his sentence as recommended in the presentence investigation. Specifically, appellant argues that the trial judge ignored the presentence investigation and sentenced him according to the jury's more harsh recommendation simply because appellant exercised his right to a jury trial. Because the decision to grant a suspended sentence rests within the trial court's sound discretion, however, we will not disturb its ruling on appeal absent a showing that such discretion was abused. *Dorsey v. State*, 739 P.2d 528, 529 (Okl.Cr. 1987). Appellant has failed to prove the requisite abuse of discretion and his third assignment is therefore denied.

Appellant's fourth assignment of error alleges excessive punishment. Because we have chosen to modify his sentence to ten

(10) years' imprisonment, however, we decline to address this proposition.

 In his fifth and final assignment of error, appellant claims that his conviction should be reversed because his attorney at trial was operating under an actual conflict of interest in violation of appellant's Sixth Amendment right to the effective assistance of counsel. Defense counsel had prosecuted and convicted appellant in the prior conviction which was introduced at trial to enhance punishment. However, appellant never objected to his attorney's representation.

While defense counsel's representation of appellant under these circumstances constituted an actual conflict of interest, *see Worthen v. State*, 715 P.2d 81 (Okl.Cr. 1986), reversal is not warranted. To prove on appeal a violation of the Sixth Amendment, a defendant who fails to object at trial "must demonstrate that an actual conflict of interest *adversely affected his lawyer's performance*." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) (emphasis added). A defendant seeking to meet this burden must show that his attorney "actively represented conflicting interests." *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Matricia v. State*, 726 P.2d 900, 903 (Okl. Cr.1986). Because appellant did not object at trial to his attorney's representation, and has failed to apprise this Court of any prejudice suffered as a result of his attorney's conflict, he has presented a mere possibility of conflict which is "insufficient to impugn [his] criminal conviction." *Matricia*, 726 P.2d at 904, quoting *Cuyler v. Sullivan*, 446 U.S. at 350, 100 S.Ct. at 1719. Appellant's fifth assignment of error is denied.

For the foregoing reasons, judgment and sentence is AFFIRMED as MODIFIED.

PARKS, J., specially concurs.

BUSSEY, J., concurs in part/dissents in part.

PARKS, Judge, specially concurring:

I write separately only to address appellant's proposition regarding a conflict of interest. The majority determines that appellant failed to show any prejudice which resulted from the conflict of interest. While I agree with this determination, I am compelled to point out that defense counsel had an obligation "to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." *Cuyler v. Sullivan*, 446 U.S. 335, 346, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). If defense counsel had given notice to the court of the possible conflict, this problem could have been avoided.

BUSSEY, Judge, concurring in part/dissenting in part:

While I agree that the judgment should be affirmed, I respectfully dissent to the modification of the sentence.